IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ORLEXIS LACEN-CALDERON [14],<br><br>Defendant. | CRIMINAL NO. 10-406 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Orlexis Lacen-Calderón was charged in Count One (1) of a Superseding Indictment and he agreed to plead guilty to Count One of the Superseding Indictment. Count One charges that, beginning on or about the middle of the year 2006, and continuing up to in or about October, 2010, in the District of Puerto Rico and elsewhere, Orlexis Lacen-Calderón, along with other defendants and unindicted co-conspirators to the Grand Jury known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with diverse other persons, to commit an offense against the United States, that is, to possess with intent to distribute two hundred and eighty (280) grams or more of cocaine base (crack) a Schedule II Narcotic Drug Controlled Substance, at Villa Cañona I ward and within one thousand (1,000) feet of the nearby real estate property comprising Celso González Villarán elementary public school and the María de la Cruz Head Start pre-school center in Loíza, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860.

On March 8, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Orlexis Lacen-Calderón [14]
Criminal No. 10-406 (JAG)
Report and Recommendation
Page 2

Defendant indicated and confirmed his intention to plead guilty to Count One of the Superseding Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Wilfredo Ríos-Méndez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Superseding Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. he was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. he was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Ríos-Méndez, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

The United States of America and defendant, Orlexis Lacen-Calderón, stipulate for purposes of this Plea Agreement that this defendant shall be accountable for the possession with intent to distribute of at least twenty eight (28) grams but less than one and twelve (112) grams of cocaine base ("crack").

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count One is term of imprisonment of not less than ten (10) years and a maximum term of life imprisonment, a fine not to exceed Ten Million dollars ($10,000,000.00), and a term

of supervised release of at least five (5) year or ten (10) years if the defendant has a prior conviction, in addition to any term of imprisonment, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

However, under Title 21, United States Code, Section 860, the defendant is subject to twice the maximum punishment authorized under Section 841(b)(1(A), at least twice any term of supervised release, and a fine up to twice that authorized under Section 841(b)(1)(A).

Notwithstanding the above, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least twenty eight (28) grams but less than one hundred and twelve (112) grams of cocaine base ("crack"), the maximum penalty for the offense shall be a term of imprisonment of not less than five (5) years and not more than forty (40) years, a fine not to exceed Five Million ($5,000,000.00) dollars, and a term of supervised release of at least four (4) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(B).  However, under Title 21, United States Code, Section 860, the defendant is subject to twice the maximum punishment authorized under Section 841(b)(1)(B), at least twice any term of supervised release, and a fine up to twice that authorized under Section 841(b)(1)(B).

Pursuant to paragraph number five (5), defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document

United States of America v. Orlexis Lacen-Calderón [14]
Criminal No. 10-406 (JAG)
Report and Recommendation
Page 5

entitled "Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Count One of the Superseding Indictment, the Base Offense Level pursuant to U.S.S.G. §§ 2D1.1(c)(7) (at least 28 grams but less than 112 grams of cocaine base (crack) is of Twenty-Six (26). Pursuant to U.S.S.G. § 2D1.2, an increase of two (2) levels is agreed for protected location. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Five (25), yielding an imprisonment range of fifty-seven (57) to seventy-one (71) months if the Criminal History Category is I; sixty-three (63) to seventy-eight (78) months if the Criminal History Category is II; seventy (70) to eighty-seven (87) months if the Criminal History Category is III; and

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

eighty-four (84) to one hundred and five (105) months if the Criminal History Category is IV.

The parties agree to recommend to the Court that the defendant be sentenced to sixty (60) months of imprisonment for Count One, or the lower end of the applicable guideline range for any other Criminal History Category higher than One (1). The recommendation is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. The parties agree that any request by the defendant for a downward departure or adjustment for a sentence below that stipulated by the parties, will be considered a material breach of this Plea Agreement. To that effect, both parties agree to refrain from arguing further guideline adjustments or departures as well as reduction, enhancements or variances under Title 18, United States Code, Section 3553.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously

discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph twenty-one (21) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the

same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Superseding Indictment in open court because he is aware of its content. Defendant was shown a written document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Superseding Indictment in Criminal No. 10-406 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Superseding Indictment in Criminal No. 10-406 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for June 10, 2011 at 2:30 p.m., before Honorable Francisco A. Besosa, District Court Judge.

San Juan, Puerto Rico, this 9th day of March of 2011.

            s/ CAMILLE L. VELEZ-RIVE
            CAMILLE L. VELEZ-RIVE
            UNITED STATES MAGISTRATE JUDGE